Mr. Justice Hagner
delivered the opinion of the Court:
This is an appeal from rulings of the special term in a suit brought to recover a sum of money alleged to. be due by the defendant, Denison, upon a deceit, on his part, in the sale to the plaintiff, Elizabeth D. ifattelle, of certain prop *196 erty. The plaintiff alleges that the defendant was acting as agent for one Lewis, and was authorized by him to sell a lot, number 94, for 22 cents a foot; that at the same time he allowed himself to be employed by the plaintiff, Battelle, as her agent, to buy lots for her, and claimed to have bought that lot for her at 30 cents a foot; that a similar transaction took place with reference to another lot, 93, which he as Lewis’ agent was authorized to sell at 25 cents a foot, but which he professed to have bought for Mrs. Battelle at 30 cents per foot; that he received from the plaintiff the alleged 'price of both lots at the rate of 30 cents per foot, paid Lewis the diminished price, and thus defrauded the plaintiff of the difference, which' exceeded $1,000.
The case was submitted to a jury, after a charge of the court, which was very full and fair, extending over, eight printed pages, and the jury rendered a verdict in favor of the plaintiff, from which an appeal was taken. A motion is made here to dismiss the appeal upon the ground that the bill of exceptions was signed after the expiration of the term at which the case was tried and of the additional time for which it was extended for the purpose of signing bills of exception.
This judgment was rendered in December 1891, which was in the October Term. In January 1892, just before the beginning of the new term, an order was passed prolonging the October Term until the 23d of January at 10.30 o’clock, for the purpose of signing bills of exceptions, in this cause among others, and adjourning the October Term without day, except as thus prolonged and extended. On the 23d of January 1892, which was within the January Term, in accordance with this order the October Term was opened, but the appellant not being ready with his exceptions, the term was again prolonged for the purpose of settling the exceptions in this case, to the 6th day of February, 1892, at 10.30 o’clock. On the last-named day, the court again met, and the exceptions in this case still not being ready, the court prolonged the October Term until April *197 4th, 1892, only for the purpose of signing the bill of exceptions. April the 4th came and the bill was not presented. Finally on the nth of April the appellant presented .his bill of exceptions, which was then signed by the judge, under protest of counsel for the plaintiff, noted at the conclusion of the bill of exceptions by the court in this way:. “Plaintiff’s counsel objects to the signing of this bill of exceptions now, this nth day of April, 1892, on the ground that it is too late, and the court has no jurisdiction so to do at this time.”
The justice, however, signed the bill from a determination apparently to do the utmost justice in the case, and save any rights the plaintiff might have.
We have decided in the case of Jones vs. Penna. R. R. Co., 18 D. C., 426, that it was competent for the court to prolong a term into the next term for the purpose of signing exceptions; and that an exception signed within the time to which it was thus adjourned, although during the next term, was valid.
We subsequently held in the case of U. S. vs. Bond, that if the court saw fit, during a new term, to prolong the past term to another day within the new term, it had the right to do so. That is precisely what the justice did in this case. During the October Term he continued it until a day within the January Term, and the two other orders of adjournment' were made within that term, the last limit fixed being the 4th of April.
We have never decided the exact point as to whether, if the bill of exceptions were presented after the time to which the term was prolonged, the justice would have the right to sign it.
One would suppose it was hardly necessary gravely to argue such a question, but it happens that in the recent case of the Michigan Insurance Bank vs. Eldred, 143 U. S., page 293, this very question came before the Supreme Court, and Mr. Justice Gray, delivering the opinion of the court, said: “After the term has expired, without the court’s control *198 over the case being reserved by standing rule or special order, and especially after a writ of error has been entered, in this court, all authority of the court below to allow a bill of exceptions then first presented, or to alter or amend a bill of exceptions already allowed and filed, is at an end.” He adds that “ any fault or omission in framing or tendering a bill of exceptions, being the act of the party and not of the court, cannot be amended at a subsequent term, as a misprision of the clerk in recording inaccurately or omitting to record an order of the court might be.”
We are, therefore, under no obligation to look into the other questions raised by the record. The defendants below offered eight prayers, seven of which were rejected by the court, and one of which was granted. We think there is no impropriety in stating we are satisfied no injustice is done by the course we shall take in dismissing this appeal, since we are convinced from our examination of the case, .that the .rulings of the justice below were right, and the decision of the jury was entirely proper.

Appeal dismissed.